IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ALVIN T. ADDERLEY,

    Petitioner,

vs.                                                Case No. 4:15cv30-RH/CAS

DAVID McCULLUM,
Warden, Taylor Correctional Institution,

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO TRANSFER HABEAS PETITION

On January 15, 2015, Petitioner Alvin T. Adderley, proceeding pro se, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 and a supporting memorandum. Docs. 1 and 2. Petitioner has paid the filing fee. Doc. 2.

Petitioner, an inmate at Taylor Correctional Institution in Perry, Florida, indicates he is incarcerated pursuant to a state court sentence imposed by the Eighteenth Judicial Circuit, Brevard County, Florida, following his entry of a guilty plea. Doc. 1 at 2. He asserts his detention violates the U.S. Constitution because the Florida Legislature's "action rendered [the] underlying crime [pursuant to] which petitioner is held, non-criminal and unenforceable." *Id.*

Petitioner is in state prison pursuant to a state court judgment. Because Petitioner effectively seeks to vacate or set aside his state criminal conviction, the Court considers this habeas corpus petition as one brought pursuant to § 2254. *See* 28 U.S.C. § 2254. Jurisdiction is appropriate in either this court, the district of incarceration, or the United States District Court for the Middle District of Florida, the district of conviction. *See* 28 U.S.C. § 2241(d) (providing that state prisoner may file habeas petition in district where he was convicted and sentenced or in district where he is incarcerated). In this case, however, because the district of conviction appears the most convenient and appropriate venue, this petition should be transferred to the United States District Court for the Middle District of Florida, Orlando Division. *Id.*; M.D. Fla. R. 1.02(b)(3). *See, e.g.,* Parker v. Singletary, 974 F.2d 1562, 1582 (11th Cir. 1992) (explaining that courts "should avoid the temptation to transfer habeas petitions without giving careful consideration to the convenience of witnesses"). It is therefore respectfully **RECOMMENDED** that the case file be **TRANSFERRED** to the United States District Court for the Middle District of Florida, Orlando Division.

**IN CHAMBERS** at Tallahassee, Florida, on February 10, 2015.

S/  Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**
